UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES F. MCMILLAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-262-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD IVES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

James McMillan is a prisoner incarcerated at the United States Penitentiary - Lee in Jonesville, Virginia.[1] McMillan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the filing fee. Having reviewed the petition[2], the Court will

[1] When Jones filed his petition in this Court on September 19, 2011, he was incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky, within the Court's territorial jurisdiction. 28 U.S.C. § 97(a). In light of his transfer to Virginia, his current custodian resides outside of the state. The Court lacks personal jurisdiction over this nonresident custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), and its ability to grant habeas relief is limited by statute to its own jurisdiction. 28 U.S.C. § 2241(a). Nonetheless, in light of the Court's resolution of the merits of McMillan's claims, it need not dismiss or transfer the petition on this ground.

[2] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

deny relief because McMillan's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

In his petition, McMillan indicates that on October 1, 1993, he was convicted of kidnapping, robbery, sodomy, and murder in the Superior Court of the District of Columbia, and was sentenced to life imprisonment without possibility of parole.[3] [R. 1 at 2.] McMillan argues that the evidence was insufficient to convict him of sodomy; the trial court improperly admitted certain evidence that was prejudicial or inaccurate; and the trial court and his counsel failed to take certain steps during his trial. [R. 1 at 5-11.]

On November 16, 2011, McMillan filed the same petition that he filed in this Court in the United States District Court for the District of Columbia. That court denied his petition the same day for lack of jurisdiction. In doing so, it noted that:

> It is established that challenges to a [District of Columbia] Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986).

*McMillan v. United States of America*, No. 1:11-cv-2026-UNA (D.D.C. 2011) (slip opinion of November 16, 2011, at 1). Concluding without discussion that McMillan had not shown that his remedy under Section 23-110 was inadequate or ineffective, the court denied the petition. The Court agrees, and that same result is appropriate is here.

---

[3] Three convictions for felony murder were subsequently dismissed or vacated on April 9, 1996. [R. 1 at 2, 30-31.]

The language of Section 23-110 is functionally identical to its counterpart for federal prisoners, 28 U.S.C. § 2255. Like Section 2255, it contains a "savings clause" which permits resort to a federal court to seek habeas relief only under narrowly-defined circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The remedy available to D.C. Code offenders under Section 23-110(a) is considered "inadequate and ineffective" under the same circumstances the remedy afforded to federal prisoners under Section 2255 is considered "inadequate and ineffective." *Garris v. Lindsay*, 794 F.2d 722, 726 (C.A.D.C. 1986); *see also Padgett v. Hastings*, No. 7:05-cv-353-DCR (E.D. Ky. 2005) (slip opinion of February 14, 2006 at 3-4); *Swain v. Pressley*, 430 U.S. 372, 381-82 (1977).

Under Section 2255(e), a federal prisoner may challenge the legality of his conviction through a Section 2241 petition only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion

3

under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

All of McMillan's claims are predicated upon events which transpired during his trial, and are thus matters which could and should have been asserted during his trial, direct appeal, or by motion under D.C. Code § 23-110(a). *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because McMillan was not convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)."); *Void-El v. Haynes*, 440 F. Supp. 2d 1 (D.D.C. 2006) (D.C. Code offender may not pursue habeas relief under Section 2241 absent demonstration that relief under Section 23-110 had proved inadequate or ineffective). McMillan's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. McMillan's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 24th day of April, 2012.

4



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge